[No. 5864-2-II.   Division Two.   March 19, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES RUSSELL CARVER, *Appellant.*

*Clifford F. Cordes III,* for appellant (appointed counsel for appeal).

*Patrick D. Sutherland, Prosecuting Attorney,* and *Chris Pomeroy, Deputy,* for respondent.

REED, J.—Defendant, Charles Russell Carver, was convicted of one count of second degree statutory rape and one count of indecent liberties. Defendant assigns error to several pretrial and trial rulings. We reverse and remand for a new trial on two grounds. First, the trial court improperly relied upon the rape shield statute, RCW 9A.44.020, to exclude evidence of prior sexual abuse of the victims. Second, the trial court improperly excluded impeachment evidence in the form of one victim's prior inconsistent statement.

Defendant was charged with one count of indecent liberties with his stepdaughter Kimberly and with one count of second degree statutory rape for having engaged *inter alia* in anal intercourse with his stepdaughter Lynn.

Prior to trial, the defendant sought permission to introduce at trial evidence of similar sexual abuse of the victims by their grandfather and a friend. The evidence was sought, not to impugn the character of the victims, but only to show that they had an independent familiarity with certain sexual acts and an ability to describe them because they had suffered similar abuse before.

The defendant argued that the evidence was necessary to rebut the inference that the only way two young girls would have knowledge of such sexual matters was because the defendant had sexually abused them as charged. The court

refused to admit the evidence, believing its only purpose was to attack the credibility of the victims, thus rendering it inadmissible under the rape shield statute.

■■ First, we disagree with the trial court's conclusion that the rape shield statute applies. The purpose of the statute is to encourage rape victims to prosecute, and to eliminate prejudicial evidence of prior sexual conduct of a victim which often has little, if any, relevance on the issues for which it is usually offered, namely, credibility or consent. *State v. Hudlow,* 99 Wn.2d 1, 659 P.2d 514 (1983); *State v. Cosden,* 18 Wn. App. 213, 218, 568 P.2d 802 (1977), *cert. denied,* 439 U.S. 823 (1978), citing *State v. Geer,* 13 Wn. App. 71, 533 P.2d 389 (1975). However, the statute was not intended to establish a blanket exclusion of evidence which is relevant to other issues which may arise in prosecutions for rape. *State v. Simmons,* 59 Wn.2d 381, 368 P.2d 378 (1962); *State v. Cosden, supra.*

The evidence proffered in this case does not fit within the concepts and purposes of the rape shield statute. First, the evidence sought to be admitted here was prior sexual *abuse,* not *misconduct,* of a victim. Added to this is the fact that the victims were young girls who were incapable of consenting to such acts. Under these circumstances the evidence is not prejudicial to the victims nor does it tend to discourage prosecution. Merely because the evidence pertains to a sexual experience does not mean we must strain to fit it into the special confines of the rape shield statute. Rather, we must apply general evidentiary principles of relevance, probative value and prejudice.

Using this approach, our first inquiry is whether the evidence of prior sexual abuse was relevant. Defendant offered the evidence, not to attack the character of the little girls, but rather to rebut the inference they would not know about such sexual acts unless they had experienced them with defendant. Without the evidence the jury logically could draw the inference that they were conversant with such things only because defendant was guilty as charged. Consequently, the evidence was extremely relevant to

defendant's defense, and its exclusion unfairly curtailed defendant's ability to present a logical explanation for the victims' testimony.

Nor do we think the relevance of this evidence is outweighed by the danger of unfair prejudice. We fail to see how prior sexual abuse visited upon very young girls will tend to confuse the issues, mislead the jury, or cause the jury to decide the case on an improper emotional basis. *Cf. State v. Hudlow, supra.* The evidence was improperly excluded.

The trial court's apparent concern over application of the rape shield statute resulted in another reversible error at trial. After Lynn's testimony, the defense moved to recall her for cross examination as to her prior statement to investigating authorities that she had been abused by her grandfather and nobody else. The court refused to allow the inquiry on the grounds that the statement (1) was not inconsistent with her testimony, and (2) was impeachment on a collateral matter because it concerned abuse by her grandfather and not the defendant. The court also indicated its fear that permitting the inquiry would be letting in evidence by the back door which the rape shield statute had already foreclosed. These rulings were in error. Unless the interests of justice dictate otherwise, prior inconsistent statements may be used to impeach a witness. ER 613. Here, the little girl's statement that *only* her grandfather abused her is clearly inconsistent with her testimony that her stepfather abused her. As such, it is impeachment on the central issue in the case and should have been allowed.

Prior to trial, defendant moved to exclude testimony of the victims that he had engaged them in the same type of sexual activity a number of times prior to the alleged offenses. The court allowed the testimony under the exceptions for common scheme or plan and absence of accident or mistake. We agree that the evidence was admissible, but not for the reasons relied on by the trial court.

Although the general rule is that prior acts of sexual misconduct are inadmissible to show the character of an

accused and that he acted in conformity therewith, ER 404(b), the evidence may be admitted if it falls within a recognized exception, is otherwise relevant and its probative value outweighs any prejudicial effect. *Cf. State v. Saltarelli,* 98 Wn.2d 358, 655 P.2d 697 (1982).

An exception of long standing extends to collateral sexual misconduct of a defendant which establishes a lustful disposition toward the offended female. *State v. Ferguson,* 100 Wn.2d 131, 134, 667 P.2d 68 (1983); *State v. Golladay,* 78 Wn.2d 121, 470 P.2d 191 (1970), *overruled on other grounds in State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976); *State v. Leohner,* 69 Wn.2d 131, 417 P.2d 368 (1966); *State v. Thorne,* 43 Wn.2d 47, 260 P.2d 331 (1953). It was not error to admit such testimony.

Defendant also challenges the particularity of the information. After several amendments, the information charged one count of statutory rape in the second degree occurring "from late October 1980 to early November 1980," and one count of indecent liberties occurring "during the summer school vacation of 1979." Defendant contends the information was uncertain and prejudicial because it did not charge a specific date on which the offenses occurred, thus depriving him of an alibi defense.

The State need not fix a precise time for the commission of the offense when it cannot intelligently do so. *State v. Pitts,* 62 Wn.2d 294, 299, 382 P.2d 508 (1963). The test is whether the lack of specificity is prejudicial to the defendant. *State v. Pitts, supra; State v. Long,* 19 Wn. App. 900, 903, 578 P.2d 871 (1978). Here, the State did everything intelligently possible to charge a more specific date, as evidenced by the four amendments to the information, and by repeated requestioning and reinterviewing of the victims and witnesses. The State's inability to charge a specific date was because the victims were young girls and could not remember. *State v. Ferguson, supra.* Defendant knew all along the exact dates of the offenses could not be specified. Nevertheless, he did present alibi evidence covering the time periods charged by presenting his employment

and leave records. There was no prejudice.

Finally, we find no merit in defendant's remaining assignments of error claiming the trial court improperly allowed leading questions of the victims and commented on the evidence by calling recesses during their testimony. Given the nature of the offense and the age of the victims, the trial court acted within its discretion.

Reversed and remanded for a new trial.

PETRICH, C.J., and WORSWICK, J., concur.

Review denied by Supreme Court May 25, 1984.