**FILED**
**DECEMBER 10, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36108-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KURT BRODERICK LEPPERT SR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Kurt Broderick Leppert Sr. challenges his convictions for

sexual assault, alleging two evidentiary errors. We affirm.

FACTS

Mr. Leppert was charged with sexually assaulting three minor girls, H.D., P.D.,

and C.I. Prior to trial, the State sought admission of a videotaped interview of nine-year-

old P.D. under the child hearsay statute, RCW 9A.44.120.[1] It also moved in limine to prohibit other suspect evidence relating to C.I.'s father, who was serving time in prison for a child pornography offense.

In its written response to the State's child hearsay motion, the defense did not argue against application of the child hearsay statute. Instead, it claimed the video interview of P.D. should be redacted.

With respect to the State's motion in limine, the defense explained that it would not seek to introduce evidence regarding C.I.'s father as other suspect evidence. Instead, the defense wished to introduce "brief testimony" to show a possible basis for precocious sexual knowledge. Clerk's Papers (CP) at 90.

The court held an evidentiary hearing to address the pretrial motions. With respect to the child hearsay issue, the State presented testimony from P.D.'s mother, the video interviewer, a detective, and P.D. No testimony was presented with respect to the State's motions in limine. Instead, the State proffered C.I.'s statements that (1) no one had ever touched her inappropriately other than Mr. Leppert, and (2) C.I. had never seen any inappropriate materials on her father's computer.

---

[1] The State did not seek admission of pretrial interviews of the other two girls as they were too old to fall under the child hearsay statute.

During oral argument on the child hearsay issue, the defense again conceded that at least some of the video interview of P.A. was "probably admissible" under the child hearsay statute. 1 Report of Proceedings (RP) (Mar. 15, 2018) at 39-40; s*ee also id.* at 34 ("[T]here's a lot in the interview that . . . probably is still admissible."). Instead of focusing on admissibility, the defense emphasized the need for redactions.

In analyzing the State's child hearsay motion, the trial court pointed out that defense counsel had not argued against admissibility under the *Ryan*[2] factors. The court asked if that was because the defense was "basically okay . . . with admitting the forensic interview so long as it's redacted." 1 RP (Mar. 15, 2018) at 34. The defense responded that if the court found P.D. competent, counsel was "not going to waste the next hour" arguing the child hearsay rule. *Id*. at 35. The defense also noted "the best defense against these charges is pointing out all the inconsistencies" in P.D.'s statements. *Id*. at 39. "So I guess the more of their statements that come up, the more ammunition I have for cross-examination." *Id*.

The trial court determined that P.D. was competent to testify, but that defense counsel's requests for redactions were "very well taken." *Id*. at 37. The court went through the transcript of the video interview and identified numerous areas for redaction.

---

[2] *State v. Ryan*, 103 Wn.2d 165, 691 P.2d 197 (1984).

At the conclusion of this process, the court stated "[i]f there's anything else that is not compliant with the rules of evidence, it probably ought to come out." *Id*. at 56.

The trial court granted the State's motion in limine regarding C.I.'s father. The court explained that the father's child pornography conviction was not relevant, as there was no evidence C.I. had ever been molested by her father or that she had observed any pornography or child pornography in his possession.

At trial, the State introduced testimony from all three girls, the redacted interview of P.D., and other evidence. The jury convicted Mr. Leppert of all charges. He now timely appeals.

## ANALYSIS

*Child hearsay statements*

For the first time on appeal, Mr. Leppert argues P.D.'s recorded statements were unreliable and should have been excluded under the child hearsay statute and *Ryan* factors. We decline to address the merits of these claims. Mr. Leppert's child hearsay arguments have been waived under the invited error doctrine, which "prohibits a party from setting up an error at trial and then complaining of it on appeal." *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984), *overruled on other grounds by State v. Olson*, 126 Wn.2d 315, 893 P.2d 629 (1995).

4

Throughout the trial court proceedings, Mr. Leppert consistently conceded portions

of P.D.'s recorded statements were admissible under the child hearsay statute, so long as

the court found P.D. competent. Defense counsel specifically declined the trial court's

invitation to assess the admissibility of P.D.'s statements under the *Ryan* factors. This was

apparently a tactical decision; defense counsel explained that if P.D. was found competent

and allowed to testify, she would need to be impeached with her video statements. Given

the trial court found P.D. competent and permitted her testimony (a determination that has

not been challenged on appeal), Mr. Leppert is now precluded from arguing the trial court

abused its discretion in admitting a redacted version of the video interview pursuant to the

child hearsay statute and *Ryan*.

*Evidence regarding the child pornography conviction*

Mr. Leppert claims the trial court abused its discretion in excluding evidence that

C.I.'s father was in prison for child pornography offenses. We disagree.

As recognized by trial counsel, the information regarding C.I.'s father does not fall

under the category of other suspect evidence. The defense never claimed C.I.'s father was

the true perpetrator of crimes against H.D., P.D., and C.I.[3] Instead, citing *State v. Carver*,

---

[3] Defense counsel specifically said, "I wouldn't intend to make any argument that [C.I.] had been molested by her dad or anything like that." 1 RP (Mar. 9, 2018) at 65.

37 Wn. App. 122, 124-25, 678 P.2d 842 (1984), the defense claim was that the activities of C.I.'s father provided an explanation for C.I.'s precocious knowledge. This is a theory of impeachment, not one of substantive evidence.

The trial court properly prohibited the defense from attacking C.I.'s credibility by introducing evidence of her father's child pornography activities. There was no indication C.I. was aware of the specifics of her father's crime. During her pretrial interview, C.I. stated she knew her father had "'inappropriate stuff'" on his computer, such as "'*Star Trek, Star Wars, Aragon* and *Harry Potter*.'" 1 RP (Mar. 9, 2018) at 65-66. But she denied seeing any of the "stuff" herself. *Id*. The defense theory that C.I. might have been aware of more of her father's activities than she had been willing to admit was purely speculative. As such, the trial court properly granted the State's motion in limine.

## *Statement of additional grounds for review*

Mr. Leppert has filed a statement of additional grounds for review (SAG) reciting his physical infirmities and criticisms of C.I.'s credibility. Because the SAG does not identify any legal errors pertaining to his convictions, it does not merit appellate review. RAP 10.10(c).

No. 36108-0-III
*State v. Leppert*

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Maxa, J.[4]

--------

[4] The Honorable Bradley Maxa is a Court of Appeals, Division Two, judge serving in Division Three under CAR 21(a).

7