[No. 24621-3-III.   Division Three.   January 8, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT L. DONEY, JR., *Appellant*.

*Lisa E. Tabbut*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

¶1 KULIK, J. — During the course of a jury trial, Robert Doney, Jr., pleaded guilty to the first degree murder of two-year-old V.R. The trial court impaneled a new jury to determine aggravating circumstances that would affect sentencing. Mr. Doney argues that the trial court lacked authority to impanel the jury because the *"Blakely*-fix" statute[1]—requiring a jury to decide aggravating circumstances—was enacted after the entry of Mr. Doney's first judgment and sentence. Mr. Doney asserts we should remand for a jury to again determine whether there were aggravating circumstances. We hold that impaneling a jury—prior to the statutory requirement to do so—was harmless error. We affirm.

## FACTS

¶2 Robert Doney, Jr., was charged with first degree murder for the death of two-year-old V.R. The State provided Mr. Doney with prior notice that it intended to seek an exceptional sentence for this offense. During the trial, Mr. Doney pleaded guilty to first degree murder.

¶3 But Mr. Doney did not admit to the facts that the State alleged in support of the imposition of an exceptional

---

[1] RCW 9.94A.537; *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

sentence. Nor did he waive his right to a jury determination of these facts.

¶4 The State asked the trial court to impanel a jury in order to engage in the required fact finding to support an exceptional sentence. The State argued that the sentencing statutes did not preclude the trial court from impaneling a jury. The State asserted that the trial court had the inherent authority to impanel a jury under existing criminal rules and case law. Mr. Doney apparently did not dispute that a jury could be impaneled. However, he did assert that the trial court should impanel a new jury rather than use the original jury that sat for trial until he entered his guilty plea.

¶5 The trial court concluded that it had inherent statutory authority to impanel a jury to determine aggravating factors. The court also determined that it would not impanel a new jury but would proceed with the jury that was already in place.

¶6 After the jury found aggravating factors, Mr. Doney made a motion to vacate the jury's findings of aggravating factors. He based this motion on *State v. Hughes*,[2] which held that the sentencing statutes did not provide any mechanism authorizing the trial court to impanel a jury. Mr. Doney also moved to withdraw his guilty plea because he was not aware at sentencing that the trial court had no authority to impanel a jury to find aggravating factors.

¶7 The court granted Mr. Doney's request to strike the jury's finding of aggravating factors based on concerns regarding the procedures used to impanel the jury. But the trial court denied Mr. Doney's motion to withdraw his guilty plea.

¶8 Despite striking the findings of the first jury, the trial court determined that it could impanel a new jury. To support its decision, the trial court cited subsequent legis-

---

[2] *State v. Hughes,* 154 Wn.2d 118, 149, 110 P.3d 192 (2005), *overruled on other grounds by Washington v. Recuenco,* 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006).

lation that created a mechanism to impanel a jury to find aggravating factors. Even though this legislation was enacted after the trial court impaneled the jury and after the decision in *Hughes*, the trial court concluded that the legislation was intended to be retroactive.

¶9 The State requested that the trial court impanel a new jury to consider aggravating factors. The trial court granted the State's motion.

¶10 At the hearing, Dr. Sally Aiken, medical examiner, testified for the State about the extent of V.R.'s injuries and the jury found two aggravating factors in support of an exceptional sentence. The jury determined that Mr. Doney manifested deliberate cruelty toward V.R. and that Mr. Doney knew, or should have known, that V.R. was particularly vulnerable and incapable of resistance due to her extreme youth. The jury was unable to agree on the issue of whether Mr. Doney demonstrated an egregious lack of remorse after he killed V.R.

¶11 The trial court imposed an exceptional sentence of 420 months. Mr. Doney appeals.

## ANALYSIS

¶12 In *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the Supreme Court held that aggravating factors in support of an exceptional sentence must be found by a jury. In response to *Blakely*, the legislature enacted RCW 9.94A.537—the *Blakely*-fix statute that authorized trial courts to impanel juries to hear aggravating factors. The law was effective April 15, 2005.

¶13 In *State v. Pillatos*, 159 Wn.2d 459, 150 P.3d 1130 (2007), the court held that the change made to the sentencing laws does not apply to cases where trials have already begun or pleas have already been accepted prior to April 15, 2005.

¶14 Following *Pillatos*, our Supreme Court decided *State v. Womac*, 160 Wn.2d 643, 160 P.3d 40 (2007). In *Womac*, the

superior court judge found aggravating factors and sentenced Mr. Womac accordingly. On appeal, the court held that since there was no procedure in place for Mr. Womac's sentence to be decided, the error could not be harmless and the case must be remanded. *Id.* at 663. Further, the court held that since *Pillatos* determined that the law could not apply to cases that were already at trial or where pleas had been accepted, it should not apply to Mr. Womac because his trial started before the law was in effect. *Id.* at 663-64.

¶15 At the same time that *Womac* was being decided, and in direct response to the holding in *Pillatos,* the legislature amended the *Blakely*-fix statute. Part of the amendment stated that if a new sentencing hearing is required, the superior court can impanel a jury to consider aggravating factors that supported the previous exceptional sentence. RCW 9.94A.537(2); *see* LAWS OF 2007, ch. 205, § 2.

¶16 Mr. Doney entered his guilty plea before April 15, 2005, which means that the *Blakely*-fix statute would not apply to him for sentencing. Therefore, the trial court should not have impaneled a jury to decide the aggravating factors in this case. However, if Mr. Doney's case is remanded, the *Blakely*-fix statute would apply and Mr. Doney would be entitled to a jury determination of aggravating factors. Mr. Doney has already received two jury determinations of aggravating factors.

¶17 In order for the exceptional sentencing law to apply, Mr. Doney must have been given notice that the State intended to seek an exceptional sentence. And, the facts supporting an aggravating circumstance must be proved beyond a reasonable doubt to a jury. Here, Mr. Doney was given notice that the State intended to seek an exceptional sentence. And the facts supporting an aggravating circumstance were proved to a jury beyond a reasonable doubt.

¶18 In *Hughes,* 154 Wn.2d 118, the Supreme Court of Washington held that *Blakely* error is structural and, therefore, can never be harmless. However, *Hughes* was overturned by *Washington v. Recuenco,* 548 U.S. 212, 126 S.

Ct. 2546, 165 L. Ed. 2d 466 (2006), which held that *Blakely* error could be subject to a harmless error analysis. Constitutional error is harmless if the court is convinced beyond a reasonable doubt that, absent the error, the same result would have occurred at sentencing. The State bears the burden of establishing the error was harmless. *State v. Guloy,* 104 Wn.2d 412, 425, 705 P.2d 1182 (1985).

¶19 No decisions address the specific issue here; that is, was it harmless error for the trial court to impanel a jury before the *Blakely*-fix statute went into effect to determine aggravating circumstances that would extend Mr. Doney's sentence? The two aggravating factors found by the jury were: (1) Mr. Doney manifested deliberate cruelty toward V.R. and (2) Mr. Doney knew, or should have known, V.R. was particularly vulnerable and incapable of resistance due to her extreme youth.

¶20 The jury heard testimony by Dr. Aiken about the extent of V.R.'s injuries, which included scratches, bruising, skull fractures, and internal injuries. Mr. Doney had already pleaded guilty. Dr. Aiken's entire testimony showed the extent of the injuries caused by Mr. Doney. Based on Dr. Aiken's testimony, a jury could find deliberate cruelty toward V.R. beyond a reasonable doubt.

¶21 The jury also found that Mr. Doney knew, or should have known, V.R. was particularly vulnerable and incapable of resistance due to her extreme youth. V.R. was two years old at the time of her death. A two-year-old child has no capacity to defend against violence by an adult. On remand, a jury could find, beyond a reasonable doubt, that Mr. Doney knew, or should have known, V.R. was particularly vulnerable and incapable of resistance due to her extreme youth.

¶22 A jury determined Mr. Doney's exceptional sentence, based on two aggravating factors. If this case were remanded, Mr. Doney would again have a jury determine these factors because the new statute—Laws of 2007, ch. 205, § 2—would apply to him. The evidence supporting

these factors is overwhelming; however, Mr. Doney has already, arguably twice, received the benefit of the statute. Thus, any error at trial was harmless and we affirm Mr. Doney's sentence.

SCHULTHEIS, A.C.J., and BROWN, J., concur.