189 P.3d 843 (2008)
STATE of Washington, Appellant,
v.
Frank Patrick MANN, Respondent.
No. 26436-0-III.
Court of Appeals of Washington, Division 3.
August 7, 2008.
*844 Mark Erik Lindsey, Spokane County Prosecuting Attorneys, Spokane, WA, for Appellant.
Susan Marie Gasch, Gasch Law Office, Spokane, WA, for Respondent.
*845 KULIK, J.
¶ 1 A jury convicted Frank Patrick Mann of one count of first degree child molestation and three counts of first degree child rape. On resentencing, the trial court determined that it lacked authority to impanel a jury to consider an aggravating factor. The State challenges the trial court's decision. Mr. Mann responds that the 2007 legislation following State v. Pillatos[1] that provided for impaneling a jury when a new sentencing hearing was required was prospective only.
¶ 2 We agree with the State that the 2007 amendment is a valid legislative exercise of its law-making power. We also hold that the amendment operates retroactively without violating separation of powers' principles. Accordingly, we reverse the decision of the trial court and remand for a jury determination of the alleged aggravating factor.

FACTS
¶ 3 On February 9, 2004, Frank Patrick Mann was found guilty by a jury of one count of first degree child molestation and three counts of first degree child rape. The standard range on the molestation charge was 149 to 198 months. State v. Mann, noted at 128 Wash.App. 1010, 2005 WL 1406008, at **1-2, 2005 Wash.App. LEXIS 1459, at *3. The standard range on the child rape charges was 240 to 318 months. Id. On June 18, the trial court sentenced Mr. Mann to 198 months on the molestation charge. Id. The court also imposed concurrent exceptional sentences of 500 months on each of the child rape charges, based on its determination that Mr. Mann abused a position of trust. Id. On October 29, the trial court entered findings of fact and conclusions of law regarding the exceptional sentence.
¶ 4 After sentencing, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296, 301-02, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which held that aggravating factors in support of an exceptional sentence must be found by a jury. After the trial court denied Mr. Mann's Blakely motion, he appealed to this court. Mann, 2005 WL 1406008, at **1-2, 2005 Wash.App. LEXIS 1459, at *3.
¶ 5 In this court's June 14, 2005, unpublished opinion, we noted that both parties agreed that Mr. Mann's exceptional sentence was unconstitutional under Blakely, but found that the decision was controlled by the recent Washington Supreme Court decision in State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005), overruled on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), which was filed after the parties had submitted their appellate briefs. Mann, 2005 WL 1406008, at *2, 2005 Wash.App. LEXIS 1459, at *5. This court affirmed Mr. Mann's convictions and, applying Hughes, held that the proper procedure was to remand for sentencing within the standard range. Id. 2005 WL 1406008, at *2, 2005 Wash.App. LEXIS, at *6. The opinion also noted that the State could raise its argument concerning improper sentencing under RCW 9.94A.712 before the sentencing court on remand. Mann, 2005 WL 1406008, at *2, 2005 Wash.App. LEXIS 1459, at *6.
¶ 6 In July 2005, the State filed a motion for reconsideration. This court stayed its decision pending the outcome of State v. Pillatos, 159 Wash.2d 459, 150 P.3d 1130 (2007). After that decision was filed, this court denied the State's motion for reconsideration and ultimately issued a mandate on May 7, 2007.
¶ 7 Upon return to the superior court, the State moved the court to impanel a jury as part of the resentencing procedure to address the alleged aggravating factor. In its motion, the State cited to the recent April 2007 legislation that authorized jury findings upon remand of exceptional sentence cases. Mr. Mann opposed the State's motion.
¶ 8 On July 13, the trial court heard the motion. After reviewing the parties' arguments and the relevant authority, the trial court denied the State's motion. The trial court based its ruling on the law of the case doctrine and its finding that the recent 2007 *846 legislation should only be applied prospectively. The court ruled as follows:
Based on all the facts and circumstances before the Court and the authorities before me, I'm satisfied that the remand to the Superior Court for a sentencing within the standard range is the law of the case in this case. But, even more importantly, I'm satisfied that the legislative fix should only be applied prospectively under these facts and circumstances as to this case because I find that the latest legislationlegislative fix, if I can say the words, contradicts a previous interpretation of the amended statute by our Court, which is the Pillatos case which came out in January of 2007 with the latest fix being in April of 2007.
Report of Proceedings at 9-10.
¶ 9 At sentencing, the trial court again rejected the State's request to impanel a jury to determine whether an exceptional sentence should be imposed. The trial court then sentenced Mr. Mann to concurrent high-end standard range sentences on all counts. The State appealed.

ANALYSIS
¶ 10 The State contends the trial court erred by determining it lacked authority to impanel a jury for purposes of resentencing. The State argues that the April 2007 legislation expressly states that it applies to cases, such as this, where an exceptional sentence had previously been imposed by the court but remanded, due to Blakely problems, for a new sentencing hearing. Consequently, the State urges this court to reverse the decision of the trial court and remand for a jury determination on the abuse of trust aggravating factor.
¶ 11 On June 24, 2004, less than two weeks after Mr. Mann was sentenced in the Spokane County Superior Court, the United States Supreme Court decided Blakely. In Blakely, the Supreme Court held that a sentence above the standard range was invalid if the factors supporting the exceptional sentence were not found by a jury beyond a reasonable doubt.
¶ 12 In response to Blakely, the Washington legislature enacted RCW 9.94A.537, effective April 15, 2005. LAWS OF 2005, ch. 68, § 4. The express purpose of this statute was to bring Washington's Sentencing Reform Act, chapter 9.94A RCW, into accord with the ruling in Blakely. LAWS OF 2005, ch. 68, § 1. This legislation, known as the "Blakely-fix" statute, authorizes trial courts to impanel juries to consider aggravating factors supporting an exceptional sentence. Former RCW 9.94A.537(2) (2005); State v. Doney, 142 Wash.App. 450, 454, 174 P.3d 1261 (2008).
¶ 13 On January 25, 2007, after the enactment of former RCW 9.94A.537, the Washington Supreme Court decided Pillatos. In Pillatos, the court held that trial courts do not have inherent authority to impanel sentencing juries. Pillatos, 159 Wash.2d at 470, 150 P.3d 1130. The court further held that the new Blakely-fix statute did not apply to cases where the trials had already begun or where guilty pleas had already been entered prior to the effective date of the statute on April 15, 2005. Id.
¶ 14 In addition, the Pillatos court determined that the Blakely-fix statute was procedural in nature and could be applied to certain criminal matters that were pending trial when the statute took effect. Id. at 472, 470, 150 P.3d 1130. The court also concluded that the statute was remedial, as it related "only to procedures and [did] not affect substantive or vested rights." Id. at 473, 150 P.3d 1130.
¶ 15 Effective April 27, 2007, the legislature amended the Blakely-fix statute, former RCW 9.94A.537, in direct response to the court's decision in Pillatos. LAWS OF 2007, ch. 205. The legislature noted the holding in Pillatos and then expressed its intent that "the superior courts shall have the authority to impanel juries to find aggravating circumstances in all cases that come before the courts for trial or sentencing, regardless of the date of the original trial or sentencing." LAWS OF 2007, ch. 205, § 1 (statement of legislative intent). After its amendment, RCW 9.94A.537(2) now provides:
In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating *847 circumstances listed in RCW 9.94A.535(3), that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing.
See also LAWS OF 2007, ch. 205, § 2.
¶ 16 The State argues that the 2007 amendment applies to Mr. Mann because the legislative action is remedial, and remedial statutes are generally "enforced as soon as they are effective, even if they relate to transactions predating their enactment." Pillatos, 159 Wash.2d at 473, 150 P.3d 1130.
¶ 17 Mr. Mann contends that even if an amendment is remedial, it may not be applied retroactively if to do so would violate any constitutional prohibition. Citing Pillatos, Mr. Mann contends that "even a remedial amendment will be applied prospectively only if it contradicts a previous interpretation of the amended statute by this court." Id. He points out that this rule is based on the separation of powers doctrine, which prohibits the legislature from overruling judicial interpretations of the law. Mr. Mann asserts that where the legislature attempts to directly contravene a court's interpretation of a statute by legislative amendment, the amendment will be struck on the basis that it violates separation of powers principles. In re Pers. Restraint of Stewart, 115 Wash.App. 319, 333, 337, 75 P.3d 521 (2003).
¶ 18 Mr. Mann argues that the 2007 legislation only has prospective application because the amendment contradicts the previous interpretation of former RCW 9.94A.537 by our Supreme Court in Pillatos. Accordingly, he maintains that the trial court did not err by determining that a jury should not be impaneled because retrospective application of the 2007 amendment to the facts and circumstances of this case would violate the separation of powers doctrine. Mr. Mann's arguments are unpersuasive.
¶ 19 A sentencing court's statutory authority under the Sentencing Reform Act of 1981 is a question of law we review de novo. State v. Murray, 118 Wash.App. 518, 521, 77 P.3d 1188 (2003). We also review constitutional challenges de novo. City of Redmond v. Moore, 151 Wash.2d 664, 668, 91 P.3d 875 (2004).
¶ 20 The doctrine of separation of powers comes from the constitutional distribution of the government's authority into three branches: the legislative authority, executive power, and judicial power. State v. Moreno, 147 Wash.2d 500, 505, 58 P.3d 265 (2002). Each branch wields only the power it is given, and a violation of the separation of powers occurs when one branch of government invades the province of another branch. Id. "The purpose of the doctrine is to prevent one branch of government from aggrandizing itself or encroaching upon the `fundamental functions' of another." Id. (quoting Carrick v. Locke, 125 Wash.2d 129, 135, 882 P.2d 173 (1994)).
¶ 21 Separation of powers issues arise when the legislature attempts to perform judicial functions. Haberman v. Wash. Pub. Power Supply Sys., 109 Wash.2d 107, 143, 744 P.2d 1032, 750 P.2d 254 (1987). While the function of the legislature is to make laws, it is ultimately for the court to construe the law. Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal, 39 Wash.App. 609, 615 n. 2, 694 P.2d 697 (1985). The Supreme Court stated that it "is emphatically the province and duty of the judicial department to say what the law is." Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803). "Thus, legislative clarifications construing or interpreting existing statutes are unconstitutional when they contravene prior judicial interpretations of a statute." Marine Power, 39 Wash.App. at 615 n. 2, 694 P.2d 697.
¶ 22 A separation of powers conflict is avoided, however, if the legislative enactment amends, rather than clarifies, an existing statute. Id. at 615, 694 P.2d 697 (citing Johnson v. Morris, 87 Wash.2d 922, 926, 557 P.2d 1299 (1976)). The court in Marine Power noted that the legislature has the power to change or amend existing laws and may, in certain circumstances, apply such amendments retroactively. Id. at 615 n. 2, 694 P.2d 697.
¶ 23 We presume that a new legislative enactment is an amendment rather than a clarification of existing law. Johnson, 87 Wash.2d at 926, 557 P.2d 1299. This presumption *848 may be rebutted if surrounding circumstances indicate that the legislature intended to interpret, rather than change, an existing statute. Id. The court in Marine Power further noted that:
One well recognized indication of legislative intent to either clarify or amend is the existence or nonexistence of ambiguities in the original act. In general, legislative amendments change unambiguous statutes and legislative clarifications interpret ambiguous statutes.
Marine Power, 39 Wash.App. at 615, 694 P.2d 697 (citations omitted) (underscoring added).
¶ 24 Moreover, the fact that the legislature adopted an amendment in response to a Supreme Court ruling does not automatically render the amendment clarifying or curative. State v. Ramirez, 140 Wash.App. 278, 289, 165 P.3d 61 (2007), review denied, 163 Wash.2d 1036, 187 P.3d 269 (2008); Marine Power, 39 Wash.App. at 616, 694 P.2d 697. The court in Marine Power held that legislative enactments which respond to judicial interpretations of a prior statute, and which materially and affirmatively change that statute, are not simply "clarifications" of the original intent of the legislature; rather, such enactments are "amendments" to the statute itself. Marine Power, 39 Wash.App. at 616, 694 P.2d 697.
¶ 25 "Nor is the legislature prohibited from `pass[ing] a law that directly impacts a case pending in Washington courts.'" Wash. State Farm Bureau Fed'n v. Gregoire, 162 Wash.2d 284, 304, 174 P.3d 1142 (2007) (alteration in original) (quoting Port of Seattle v. Pollution Control Hearings Bd., 151 Wash.2d 568, 625, 90 P.3d 659 (2004)). In Haberman, our Supreme Court found that the legislature's retroactive amendment of a statute violates the separation of powers by prescribing new rules to be applied to pending cases only when doing so would "impede upon the court's right and duty to apply new law to the facts of this case," "dictate how the court should decide a factual issue, [or] affect a final judgment." Haberman, 109 Wash.2d at 144, 744 P.2d 1032. The court thus held that if a statutory amendment is a facially neutral law for the court to apply, the amendment does not violate separation of powers principles. Id.
¶ 26 In the present case, the 2007 enactment was intended to amend the Blakely-fix statute, former RCW 9.94A.537. Former RCW 9.94A.537 was clear and unambiguous. The court in Pillatos, in applying the former statute, noted that "by its terms, applies to all pending criminal matters where trials have not begun or pleas not yet accepted." Pillatos, 159 Wash.2d at 470, 150 P.3d 1130. Accordingly, the surrounding circumstances in this case support the presumption that the legislative enactment is an amendment, rather than a clarification of existing law. Under these facts, Mr. Mann fails to demonstrate a separation of powers violation.
¶ 27 The next issue is whether the 2007 amendment applies retroactively. It is well established that the Washington legislature may overrule judicial decisions by amending a statute and applying it prospectively. Ramirez, 140 Wash.App. at 287, 165 P.3d 61 (citing State v. Varga, 151 Wash.2d 179, 191, 86 P.3d 139 (2004)). In fact, as a general rule, an amendment is presumed to apply prospectively only. In re F.D. Processing, Inc., 119 Wash.2d 452, 460, 832 P.2d 1303 (1992); Marine Power, 39 Wash.App. at 616, 694 P.2d 697.
¶ 28 Nevertheless, barring a constitutional limitation, we will apply a statutory amendment retroactively "when it is (1) intended by the Legislature to apply retroactively, (2) curative in that it clarifies or technically corrects ambiguous statutory language, or (3) remedial in nature." Barstad v. Stewart Title Guar. Co., 145 Wash.2d 528, 536-37, 39 P.3d 984 (2002). Washington courts disfavor retroactive application of a statute, absent legislative direction to the contrary. Ramirez, 140 Wash.App. at 289 n. 9, 165 P.3d 61.
¶ 29 Here, the Washington legislature clearly intended the 2007 amendment to operate retroactively. Section one of the amendment, the statement of legislative intent, expressly provides: "The legislature intends that the superior courts shall have the authority to impanel juries to find aggravating circumstances in all cases that come *849 before the courts for trial or sentencing, regardless of the date of the original trial or sentencing." LAWS OF 2007, ch. 205, § 1 (emphasis added). Therefore, as the State correctly points out, the 2007 legislation effectively extends the original "Blakely-fix" to all exceptional sentence cases that were remanded for resentencing based on the Blakely decision.
¶ 30 Further, the 2007 amendment, by its terms, applies to exceptional sentence cases where resentencing is required. LAWS OF 2007, ch. 205, § 2. Specifically, section two of the amendment provides that whenever a new sentencing proceeding is required in a case where an exceptional sentence had previously been imposed, "the superior court may impanel a jury to consider any alleged aggravating factors listed in RCW 9.94A.535(3), that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing." LAWS OF 2007, ch. 205, § 2. Thus, the very language of the amendment supports its retroactive application.
¶ 31 In conclusion, the 2007 amendment is a valid legislative enactment and a valid exercise of the legislature's plenary law-making power. While the amendment operates retroactively, it does so without violating separation of powers principles. Accordingly, Mr. Mann's contention that the retroactive application of the 2007 amendment violates the separation of powers doctrine is without merit. Further, because we find the 2007 amendment applicable to the present case, we reverse the decision of the trial court and remand for a jury determination on the alleged aggravating factor that supported the previous exceptional sentence.
¶ WE CONCUR: SCHULTHEIS, C.J., and BROWN, J.
NOTES
[1] In State v. Pillatos, 159 Wash.2d 459, 150 P.3d 1130 (2007), the court held that trial courts do not have inherent authority to impanel sentencing juries and that RCW 9.94A.537 was prospective only.