**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 50884-2-II |
| VICHAI SALY, | UNPUBLISHED OPINION |
| Petitioner. | |

GLASGOW, J. — Vichai Saly was charged with three counts of first degree assault in 1994, when he was 16 years old. These charges triggered automatic transfer to the adult division of the superior court under RCW 13.04.030(1)(e)(i). The prosecutor later reduced the charges from three counts of first degree assault to three counts of second degree assault and added one count of taking a motor vehicle without permission. The case was not transferred to the juvenile court even though adult jurisdiction was no longer automatic. Saly pleaded guilty to the amended charges and was sentenced as an adult. He finished serving his sentence for these convictions in 2001.

Saly was subsequently charged with first degree murder. He pleaded guilty and received a 432-month sentence for the first degree murder conviction based on an offender score that included his prior adult convictions for second degree assault. Saly remains incarcerated for this crime.

Saly filed a personal restraint petition challenging the validity of the judgment and sentence entered for his 1994 crimes and the resulting impact on his offender score for his subsequent murder conviction. He argues that the adult court lacked jurisdiction to enter a judgment and sentence for the prior 1994 assault convictions, thereby exempting him under RCW 10.73.090(1) from the one-year time limit for filing a personal restraint petition. He also contends that he

received ineffective assistance of counsel when his attorney failed to move to transfer his case to juvenile court for a decline hearing.

Even had the adult court lacked jurisdiction in 1994, overcoming the time bar for personal restraint petitions—an issue we do not decide—Saly has failed to show the prejudice necessary to warrant relief. Similarly, even if his counsel were deficient—another issue we do not decide—he has not shown actual and substantial prejudice. We therefore deny Saly's personal restraint petition.

FACTS

In December 1994, 16-year-old Saly was charged with three counts of first degree assault for assaults he had committed a few days earlier. Under RCW 13.04.030(1)(e)(v)(A),[1] "serious violent offenses" automatically subject juveniles to the jurisdiction of the adult court. The charges against Saly automatically subjected him to the jurisdiction of the adult division[2] of the Pierce County Superior Court ("adult court") because first degree assault is a serious violent offense under RCW 9.94A.030(47)(a)(v).[3]

A few weeks later, the prosecutor filed an amended information, reducing the three counts of first degree assault to three counts of second degree assault and adding one count of taking a

---

[1] The legislature has amended RCW 13.04.030(1) several times since 1994, but because the relevant language has not changed, we cite to the current version of the statute.

[2] We use the terminology that the Washington Supreme Court and this court have used in prior cases to distinguish between the juvenile division of the superior court and proceedings that treat the juvenile as an adult. *E.g.*, *State v. Posey*, 174 Wn.2d 131, 144, 272 P.3d 840 (2012); *State v. Meridieth*, 144 Wn. App. 47, 52, 180 P.3d 867 (2008).

[3] The legislature has amended RCW 9.94A.030 several times since 1994, but because the designation of first degree assault as a serious violent offense has not changed, we cite to the current version of the statute.

motor vehicle without permission. Under the amended charges, Saly was no longer subject to automatic adult court jurisdiction. RCW 13.04.030(1)(e)(v); *see also* RCW 9.94A.030(47).

The adult court did not conduct a decline hearing or transfer to the juvenile division for a decline hearing. Saly's trial counsel did not move for a decline hearing. Saly pleaded guilty to the reduced charges in the amended information. The adult court accepted Saly's guilty plea and sentenced him as an adult. Saly did not appeal. In 2001, he completed his sentence and received a certificate of discharge.

In 2003, Saly was convicted of murder in King County. Saly's criminal history for purposes of calculating his offender score for the murder conviction was comprised of his three 1995 convictions for second degree assault. Because the assaults were violent offenses, they each counted for two points, making a total of six points. RCW 9.94A.525(9).[4] Saly received a 432-month sentence for the murder conviction and he remains incarcerated.

In 2017, Saly filed a personal restraint petition, challenging the validity of the 1995 judgment and sentence that included the three counts of assault and that was entered in adult court.

ANALYSIS

Saly argues that his personal restraint petition should be granted because the adult court did not have authority to enter a judgment and sentence for his 1995 assault convictions once the amended information no longer included automatic decline offenses. The State concedes the trial court erred by not transferring the matter to the juvenile court. Nevertheless, we hold that Saly failed to demonstrate that he was prejudiced by the adult court's error. We therefore deny his

---

[4] RCW 9.94A.525 has been amended several times since 1995. Because the relevant language has not changed, we cite to the current version of this statute.

petition.  Because Saly cannot establish prejudice, we need not address any other issue that he raises.  *See In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 312-13, 440 P.3d 978 (2019).[5]

A.       Personal Restraint Petition Standards

A personal restraint petitioner must establish that his or her restraint was the product of either a constitutional error that caused "actual and substantial prejudice" or a nonconstitutional "'fundamental defect'" that "'inherently result[ed] in a complete miscarriage of justice.'"  *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016) (quoting *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810-12, 792 P.2d 506 (1990)).  The petitioner has the burden of proving error and prejudice by a preponderance of the evidence under the totality of the circumstances.  *In re Pers. Restraint of Brockie*, 178 Wn.2d 532, 539, 309 P.3d 498 (2013).  These requirements are designed to "'preserve the societal interest in finality, economy, and integrity of the trial process.'"  *In re Pers. Restraint of Wolf*, 196 Wn. App. 496, 503, 384 P.3d 591 (2016) (quoting *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005)).

Saly raises a claim of nonconstitutional statutory error on the basis of the trial court's failure to transfer his case to the juvenile court for a decline hearing.  Saly also raises a claim of constitutional error on the basis of ineffective assistance of counsel due to his lawyer's failure to move for a decline hearing.  To prevail on the nonconstitutional statutory error claim, Saly would need to establish that the adult court's failure to transfer to juvenile court was a "'fundamental defect'" that inherently resulted in a "'complete miscarriage of justice.'"  *Swagerty*, 186 Wn.2d at 807 (quoting *Cook*, 114 Wn.2d at 810-12).  To prevail on the constitutional error claim, Saly would

---

[5] Because Saly's failure to show prejudice is dispositive in this case, we do not decide whether Saly is under restraint for personal restraint petition purposes, whether his petition is time-barred, or whether his petition is a mixed petition.

need to show that his trial counsel's failure to move to transfer resulted in "actual and substantial prejudice." *Id*. Saly has failed to establish any prejudice.

B.        No Prejudice Resulted from Nonconstitutional Error

The State correctly concedes that the trial court erred when it failed to transfer Saly's case to the juvenile court for a decline hearing. Under RCW 13.04.030(1), the juvenile court has "exclusive and original" jurisdiction over proceedings involving juveniles, *unless* an exception applies. Once the automatic decline exception was no longer applicable to Saly's case due to the prosecutor's amended charges, the adult court no longer had authority to hear the case under the automatic decline provision of RCW 13.04.030(1)(e)(v)(A). The adult court's failure to transfer for a decline hearing violated the statute.

The right of a juvenile charged with a crime to proceed in juvenile court is purely statutory, not constitutional. There is no constitutional right to an adjudication in juvenile court, and the Washington Supreme Court has held that automatic decline of juvenile court jurisdiction is constitutionally permissible. *State v. Watkins*, 191 Wn.2d 530, 535-36, 423 P.3d 830 (2018); *In re Boot*, 130 Wn.2d 553, 565-75, 925 P.2d 964 (1996). The trial court's failure to transfer for a decline hearing could warrant a remedy on collateral review only if the error rose to the level of a fundamental defect that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 818, 272 P.3d 209 (2012). On collateral review, when considering whether an error was prejudicial, courts look to the "practical effects that result from the error." *In re Pers. Restraint of Yates*, 180 Wn.2d 33, 41, 321 P.3d 1195 (2014); *see also State v. Buckman*, 190 Wn.2d 51, 64, 409 P.3d 193 (2018).[6]

---

[6] Although *Yates* and *Buckman* were discussing prejudice in the context of a constitutional error where the standard is "actual and substantial prejudice," there is no reason the consideration of "practical effects" would not equally apply when we are considering whether there was a

Here, Saly has not established any practical effect that continues to arise from the trial court's error. The sentence that Saly is currently serving for murder is not affected because Saly's offender score would have been the same regardless of whether he had previously been sentenced as a juvenile or an adult. *See* RCW 9.94A.525(9).[7]  Under RCW 9.94A.525(2)(g) and (9), adult and juvenile prior felony convictions are treated identically for purposes of calculating the offender score for murder.  Thus, had Saly pleaded guilty to the assaults in juvenile court rather than adult court, his offender score would have been the same, and it would have had no effect on the length of the sentence he is currently serving.

Saly argues that the prejudice he suffered was the lost opportunity to have his charges adjudicated in juvenile court.  But he pleaded guilty to three counts of second degree assault as charged in the amended information, and the record contains no clear statement from Saly that he would not have pleaded guilty in juvenile court.  Nor did Saly present evidence that the charges against him might have been reduced had his case been transferred to juvenile court.  Finally, Saly presented no evidence to support his contention that his plea was not knowing, intelligent, and voluntary.  Absent evidence that his assault convictions themselves were somehow invalid, Saly cannot establish any impact on the murder sentence he is currently serving.

Even where the defendant in *Yates* "indicated that he would not have taken the plea deal" had he known what sentence the law actually required for the charges he faced, the court held that the he nonetheless did not prove prejudice because he could not show the trial court's error had any "practical effect[]" on the length of sentence he received.  180 Wn.2d at 41.  Saly, likewise,

---

"'complete miscarriage of justice.'" *Yates*, 180 Wn.2d at 40-41; *Buckman*, 190 Wn.2d at 64; *Swagerty*, 186 Wn.2d at 807 (quoting *Cook*, 114 Wn.2d at 810-12).

[7] While there have been some amendments to this statute, the relevant language has not changed since Saly committed the murder in 2003.

has not established any facts to support that his criminal history, including the three convictions for second degree assault, would have been different had the adult court transferred his case to juvenile court.

Although it is possible that the juvenile court would have retained jurisdiction and sentenced Saly differently for the assault convictions, Saly has already served his sentence for these convictions, and he received a certificate of discharge that restored his rights. As a result, we cannot grant Saly any effective relief in regard to the sentence imposed and already served for his assault convictions.

Finally, our Supreme Court and this court have recognized that other collateral consequences can stem from a conviction, including stigma that results from a felony conviction. *See In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 363-64, 256 P.3d 277 (2011); *see also In re Det. of M.K.*, 168 Wn. App. 621, 625-26, 279 P.3d 897 (2012) and *In re Det. of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). But again, Saly pleaded guilty and he has failed to state that he would not have done so had his case been in juvenile court instead. Saly has also offered no evidence of stigma unique to the fact that his convictions for assault were in adult court. Thus, he has not shown that any collateral consequence of his conviction would have been different had he pleaded guilty in juvenile court.

Saly cannot show that the trial court's failure to transfer and conduct a decline hearing constituted a "'fundamental defect . . . result[ing] in a complete miscarriage of justice'" because he has not shown that being in juvenile court would have affected his guilty plea decision, nor that his later offender score in the murder case would have been different had he been sentenced in juvenile court. *Swagerty*, 186 Wn.2d at 807 (quoting *Cook*, 114 Wn.2d at 810-12). He has

articulated no other collateral consequences of the trial court's error. Thus, his nonconstitutional claim fails.

C.      Constitutional Error Analysis

Saly also argues that he was actually and substantially prejudiced by ineffective assistance of counsel due to his trial counsel's failure to move to transfer his case to juvenile court. We disagree.

Saly's ineffective assistance of counsel claim is a constitutional claim. The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee effective assistance of counsel. *See, e.g.*, *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). Ineffective assistance of counsel is a two-prong inquiry. *Id.* To prevail, Saly must show that his counsel's performance was deficient, and that his counsel's deficient performance prejudiced him. *Id*. at 32-33. A failure to prove either prong ends our inquiry. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

The Supreme Court held in *In re Personal Restraint of Lui* that "[w]e apply the same prejudice standard to ineffective assistance claims brought in a personal restraint petition as we do on appeal." 188 Wn.2d 525, 538, 397 P.3d 90 (2017). To successfully prove prejudice, a petitioner bringing an ineffective assistance of counsel claim must show that, but for counsel's deficient performance, "there is a reasonable probability that the result of the proceeding would have been different." *Id.* Again, we examine the "practical effect" of the error the petitioner alleges. *Yates*, 180 Wn.2d at 41; *see also Buckman*, 190 Wn.2d at 64. For the same reasons that Saly could not establish ongoing practical effects resulting from the trial court's failure to transfer his case to the juvenile court for a decline hearing, he cannot show that he suffered prejudice because his counsel

did not request a transfer. We conclude that Saly has not shown "actual and substantial prejudice" as required.

## CONCLUSION

Saly has not shown that the practical effects of the judgment and sentence would have been any different had his assault charges been adjudicated in juvenile court. Accordingly, Saly fails to show that he is prejudiced by either the adult court's failure to transfer his case to juvenile court or by his counsel's failure to move to transfer the case. Because Saly has not shown prejudice, we deny his personal restraint petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, C.J.

Melnick, J.