[No. 81269-1.   En Banc.]
Considered December 4, 2008.      Decided December 11, 2008.

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT DONEY, JR., *Petitioner*.

*Lisa E. Tabbut*, for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey, Deputy*, for respondent.

¶1 PER CURIAM — Robert Doney, Jr., pleaded guilty to first degree murder. The trial court subsequently empanelled a jury to determine whether there were aggravating circumstances supporting the imposition of an exceptional sentence. The jury found the existence of aggravating circumstances, and the court imposed an exceptional sentence. The Court of Appeals affirmed the sentence. It held that, though the trial court had no authority to empanel a sentencing jury when it did, a new statute would allow it to empanel a jury on remand. And since the evidence overwhelmingly supported the existence of aggravating factors, the court concluded that the error in empanelling a jury to find aggravating factors was harmless.

¶2 We hold that the proper remedy in this circumstance is to vacate the sentence and remand for resentencing. Therefore, we reverse the Court of Appeals, vacate the exceptional sentence, and remand for resentencing.

¶3 The State charged Doney with first degree murder in 2003. After the Supreme Court issued its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the State amended the information before trial to charge several aggravating factors supporting an exceptional sentence. On March 16, 2005, after trial had begun, Doney pleaded guilty, but he did not admit the aggravating factors or waive his right to a jury determination of those factors. Over Doney's objection, the trial court retained the jury to consider aggravating factors. The jury found that Doney acted with deliberate cruelty and that the victim was particularly vulnerable. The trial court therefore imposed an exceptional sentence.

¶4 In April 2005 this court held in *State v. Hughes*, 154 Wn.2d 118, 151-52, 110 P.3d 192 (2005), *overruled in part on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006), that Washington courts had no inherent authority after *Blakely* to empanel sentencing juries. But that same month, the legislature enacted legislation in response to *Blakely* allowing the State to seek an exceptional sentence by notifying a defen-

dant before trial or entry of a guilty plea that it will seek an exceptional sentence, and allowing trial courts to submit most aggravating factors to a jury. LAWS OF 2005, ch. 68.

¶5 In July 2005 Doney, relying on *Hughes*, moved to withdraw his plea and vacate his exceptional sentence. The trial court denied the motion to withdraw but granted the motion to vacate the sentence, concluding that the sentencing trial was tainted by procedural irregularities. The State moved to empanel a new sentencing jury in light of the 2005 statute. Doney argued that the court had no authority to empanel a jury, but the trial court agreed with the State and convened a new sentencing jury, which then found the same aggravating factors. The court imposed an exceptional sentence of 420 months.

¶6 Doney appealed. While the appeal was pending, we issued our decision in *State v. Pillatos*, 159 Wn.2d 459, 465, 150 P.3d 1130 (2007), holding that the 2005 legislation did not authorize trial courts to empanel sentencing juries in cases where the defendant was tried or pleaded guilty before the legislation's effective date of April 15, 2005. The Court of Appeals asked for supplemental briefing on *Pillatos*. Doney responded that his sentence should be vacated because he pleaded guilty in March 2005, making the 2005 legislation inapplicable. The State responded that by then the legislature had amended RCW 9.94A.537 in response to *Pillatos* by providing that a sentencing jury can be empanelled on remand whenever an exceptional sentence has been overturned or vacated. LAWS OF 2007, ch. 205. The Court of Appeals affirmed the exceptional sentence, holding that, though the trial court previously had no authority to empanel a sentencing jury, the error was harmless because on remand the court could empanel a sentencing jury under the new legislation, and that jury would doubtlessly find the same aggravating factors. *State v. Doney*, 142 Wn. App. 450, 455-56, 174 P.3d 1261 (2008).

¶7 The Court of Appeals should not have addressed the applicability of the 2007 statute and affirmed the exceptional sentence on the basis that the statute would

apply on remand. Since no attempt has yet been made to invoke the 2007 statute, and since it is not certain that the State will again seek an exceptional sentence, the statute's applicability is not ripe for review. *State v. Davis*, 163 Wn.2d 606, 616, 184 P.3d 639 (2008); *State v. Eggleston*, 164 Wn.2d 61, 76-77, 187 P.3d 233, *cert. denied*, 129 S. Ct. 735 (2008). Like the defendant in *Davis*, Doney anticipated the harmlessness argument and challenged the constitutionality of the 2007 amendment in his supplemental brief requested by the Court of Appeals. But since the statute has not yet been applied to Doney, the constitutional arguments are not yet justiciable. As we noted in *Davis*, the trial court should have the first opportunity to pass on these arguments. *Davis*, 163 Wn.2d at 616.

¶8 While the Court of Appeals did not address Doney's constitutional arguments, it did assume that the statute would apply on remand and thus that the sentencing error was harmless. The proper remedy in this circumstance is to vacate the sentence and remand for resentencing. *Davis*, 163 Wn.2d at 617. We reverse the Court of Appeals, vacate Doney's exceptional sentence, and remand for resentencing.